Courts of equity interfere between cosureties upon a principle of natural justice. If several persons have become bound as sureties for the same principal, whether these obligations be testified by one and the same instrument or by (374) different instruments, and whether the fact of such common engagement be or be not known to the respective sureties, if by the default of the principal a loss must be sustained by some of the sureties, it is the obvious dictate of justice that it should be divided equally among all. The interest, if any, was common — so should be the burden; the hazard was common, and so should be the misfortune. But it may be, and it generally is, in the power of the creditor to command the payment of the entire debt from which of the sureties he pleases. His caprice shall not be permitted to destroy their natural equities as against each other; and if one of them be fixed with the payment of the whole debt, or of more than his ratable part thereof, the others who are solvent shall be compelled to contribute in order to equalize the loss. Equality is here equity. The suffering surety is subrogated to the rights of the creditor, as against the other sureties, to the extent of their shares of the debt. The judicial recognition of this principle as a rule of right may be the foundation of inferring a contract between cosureties that the loss shall be thus apportioned. But whether the liability to contribute rests directly upon this principle of natural equity or upon the contract inferred from the presumed knowledge of the principal, it cannot be questioned but that such arrangements may be made between the cosureties as will take them out of the operation of the principle, and negative the implied contract. Here the defendant was originally bound with the plaintiff and Harvey in a common liability for the same principal; and there being no contract to the contrary, he was bound to share equally with each of them in the loss occasioned by the default of their principal. But it was subsequently agreed between the parties to this common liability that it should be severed, and that each should *Page 306 
secure to the creditor the payment of a third of the joint debt, and receive from him a release as to the residue. This agreement was executed on the part of the defendant, and he, with the assent of the other, obtained from the creditor a covenant operating as an absolute release to him. The other two-thirds of the amount recovered then remained an onus upon the plaintiff and Harvey only. They had (375) been before cosureties with the defendant for the whole amount, but after this release to the defendant they were alone cosureties for the part remaining unpaid. The defendant, by their consent, was thus taken out of the reach of the principle which rendered him liable to contribution for an injury which either of them might sustain by reason of the inability or default of the other. It seems to us that an express agreement that the defendant should not be liable to such contribution was not necessary. His original liability to the other sureties was founded on the tie of a common responsibility. This vinculum being severed by the consent of the parties — a common responsibility no longer continuing as to him, but a new responsibility, to a diminished amount, being created between the others — the plaintiff has no ground of natural equity or of implied contract on which he can demand of the defendant to share with him the loss sustained by reason of this latter responsibility. The creditor has no right or remedy against the defendant to which the plaintiff can claim to be subrogated. All the creditors' rights and remedies against the defendant have been extinguished by the assent of the plaintiff. The inducement to the defendant to exert himself to discharge a third of the debt was to save himself from the hazard of being compelled to pay more. This object would be in a great degree defeated if, after his release by the creditor, he might be obliged to pay more, in case either of the others should neglect to perform what was incumbent upon him. Had the plaintiff and Harvey executed the agreement on their parts, the present controversy could not have arisen. Each of them relied upon the other for the performance of this agreement, and if this confidence has been misplaced, he who trusted must bear the consequences. It is the opinion of the Court that the bill, so far as it seeks contribution from the defendant because of the loss thrown upon the plaintiff by Harvey's failure to pay a third of the judgments, must be dismissed.
The bill has other objects. It charges that the defendant, since the departure of James B. Dickey from the State, has obtained property from or of the said James, which he hath converted to his exclusive indemnity, and prays that the defendant may be decreed to give (376) the plaintiff an equal benefit of this indemnity. The defendant denies this allegation peremptorily and fully, and no evidence is offered to support it. The bill, therefore, must be dismissed, also, so far *Page 307 
as it seeks to charge the defendant because of property of the said James alleged to have been thus received.
The bill further charges that the defendant has received property of William Dickey, the supposed insolvent surety, and appropriated it to his exclusive indemnity, and prays the benefit of a participation in this. The defendant admits that as the administrator of William Dickey, who it thus appears is dead, he has received certain notes, and that he has otherwise got into his possession bonds in which the said William had an equitable interest, but insists that the has paid over to the plaintiff more than an equal share of these notes and bonds. The defendant also admits that he is prosecuting a claim against the heirs at law of William Dickey with the view of subjecting a tract of land to sale in order to remunerate the defendant for the excess he paid over a fourth of the judgments against James B. Dickey and his sureties. The Court forbears from considering the equity arising upon this part of the case, because it is of opinion that the same cannot be definitely decided without making Daniel Harvey a party in the cause. Should the fund which the plaintiff seeks to charge be one which the defendant is bound to apply to the indemnity of the plaintiff, it is also applicable to the relief of Harvey, so far as he may have been injured. The objection is not taken by the pleadings. The Court does not dismiss the bill on this account, but will retain it for a reasonable time in order that the plaintiff may, if he thinks proper, take the proper steps to make Harvey a party to the suit. If the plaintiff does not move within the first twenty days of the next term, the bill is to be dismissed altogether, with costs.
PER CURIAM. Decree accordingly.
The plaintiff having, under the leave given him in the decree made in this cause, in accordance with the foregoing opinion which was filed at a former term, taken the necessary steps to make Daniel Harvey a party, the cause came on to be further heard at the present term, when the following opinion of the Court was delivered by (377)