State on relation of L. E. DUDLEY, Guardian, v. THEOPHILUS BLAND and others.

*Covenant not to Sue—Equitable Release.*

Where a creditor receives from one of a number of joint and several debtors, by successive guardian bonds, a sum considerably less than the aggregate amount due from all such debtors, and gives him an instrument under seal releasing all claims against him or his representatives and covenanting to execute any and all instruments which may be necessary to relieve the party making such payment from all liability to the other joint debtors, such instrument will have the effect of an equitable release to the other debtors of all in excess of their *aliquot* portion of the joint indebtedness.

(*Allen* v. *Wood*, 3 Ired. Eq., 386; *Wharton* v. *Woodburn*, 4 Dev. & Bat., 507; *Russell* v. *Adderton*, 64 N. C., 417; *Evans* v. *Raper*, 74 N. C., 639; *Craven* v. *Freeman*, 82 N. C., 361; *Bell* v. *Jasper*, 2 Ired. Eq., 597; *Jones* v. *Hays*, 3 Ired. Eq., 502; *Jones* v. *Blunton*, 6 Ired. Eq., 115, cited and approved.).

CIVIL ACTION upon a Guardian Bond, tried at Spring Term, 1880, of PITT Superior Court, before *Avery, J.*

The case was heard upon complaint and answer, and the exceptions to a referee's report. The facts necessary to an understanding of the decision of this court are stated in its opinion. The defendants appealed from the ruling and judgment of the court below.

*Messrs. Latham & Skinner*, for plaintiff.
*Messrs. J. B. Yellowley* and *J. B. Batchelor*, for defendants.

SMITH, C. J. The object of the suit is the recovery of the relator's estate in the hands of his guardian, the defendant Theophilus Bland, and the action is against him and the sureties to his several bonds. During his administration of the trust the guardian executed four successive bonds, as follows:

One August 2, 1859, in the penal sum of $800, with Benjamin Hazzleton, testator of the defendant Phil. Williams, and the defendant W. A. Quinerly, his sureties. A second February 4, 1862, in the penalty of $9,000, with Jesse Nobles, the intestate of the defendant Fred. Harding, and Guilford Smith, the intestate of the defendant Mary Cox as sureties. A third, August 7, 1866, the penalty being $5,000, with the defendant F. Haddock and said Jesse Nobles sureties. And a fourth, November 8, 1872, the penalty being $1,500, with defendants Samuel Smith and W. Nelson sureties.

A reference was ordered and the referee reported at spring term, 1879, as due the relator, $1,971.62, to which various exceptions were taken.

The defendants set up and relied on in reduction of the indebtedness ascertained in the report, a payment made to the relator of $450 since the action was commenced by Fred. Harding, the administrator of said Jesse Nobles, in exoneration of the intestate's estate from all further liability, and the execution by the relator of the following paper writing:

"In consideration of $450 to me this day paid by Fred. Harding, in behalf and for the benefit of the estate of Jesse Nobles and those interested in and entitled thereto, I have released and do hereby release the said Jesse Nobles deceased, and the said Fred. Harding, administrator of Jesse Nobles, from all further demand and liability upon all the bonds made by said Nobles as surety for Theophilus Bland, as guardian for Malsey Nelson, a lunatic, and I covenant never to sue any representative of said Nobles upon any of such bonds or by reason of his surety as aforesaid. Nevertheless, I do reserve all my rights against the said Bland, and against any and all other sureties to any and all bonds given or made at any time by said Bland as guardian as aforesaid, which rights are not impaired hereby, and I hereby agree to execute any and all other instruments which may be necessary or proper to relieve the estate of said Nobles and his representative from any and all liability to the co-sureties of said Nobles, in case or by reason of any recovery which may hereafter be made against them, which instrument shall not impair the liability of said co-sureties of said Nobles. Witness my hand and seal, this 23rd day of March, 1879.

(Signed)                 L. E. DUDLEY, *Seal.*
             Guardian of Malsey Nelson, a lunatic."

No question is raised as to the authority of the guardian of the relator on his behalf to adjust and settle the matters in dispute by compromise with one or more of the obligees, and on such terms as he may deem advantageous to the trust estate, nor any suggestion made that the arrangement entered into with the administrator of Nobles was not judicious and favorable to the lunatic. Such power seems to be incidental to the control and management committed to the guardian, and to the conduct and defence of suits in which the estate may become involved. We do not pro-

pose however to consider the extent and limitations of the authority conferred, since no objection is taken to its exercise in the present case; and confine ourselves to an examination of its legal results upon the obligation of the other sureties.

The release of the estate of Nobles absolute in form is followed by a covenant not to sue his representative, and further to execute any instrument needful for the protection of his estate from " all liability to the co-sureties in case or by reason of. any recovery which may be hereafter made against them," the clear purpose and effect of which are not only to exonerate the intestate's estate from the claim of the lunatic and from that of. the other sureties who may be compelled to pay in excess of their ratable shares, but to reserve the right to enforce against them the payment of their ratable parts. of the common indebtedness. As this full immunity can only be secured to the estate of Nobles by relieving it alike from the creditor's demand and from being called on for contribution by the. other sureties, it follows that they must also be exonerated from the payment of more than their *aliquot* parts of the whole. The reservation of the right to sue which rendered the defence unavailable at law under a divided jurisdiction and compelled a resort to another court, becomes inoperative in a proceeding in which all rights and equities are fully and finally adjusted, inasmuch as such reservation is incompatible with the covenants except as to a ratable apportionment among the several bonds. If a surety could be required to pay more he would at once have an equity to contribution from the others, the released surety included, and this would entitle him to redress upon the covenant. To avoid this circuity and to ensure entire exemption to the administrator of Nobles, the recovery from the co sureties is restricted to their respective ratable parts of the common debt which admits of no demand from any upon him. The

release to the estate of Nobles is an equitable release to the co-sureties on the bonds of all in excess of such *aliquot* parts. This follows from the nature of the relations which subsist among sureties to a common obligation and aside from any implied contract between them. *Allen* v. *Wood*, 3 Ired. Eq., 386; *Wharton* v. *Woodburn*, 4 Dev. & Bat., 507.

The cases referred to in the argument for the relator are cases where the creditor reserves his remedy in express terms against all others, and leaves them in possession of all their rights as to himself and the co-obligors or co-sureties, and they differ from ours in the fact the covenant here extends protection against all liability to contribution to the over-paying surety. But if they are in conflict with the adjudications of this court we must adhere to the doctrine as declared with his accustomed clearness and force by the late Chief Justice in *Russell* v. *Adderton*, 64 N. C., 417, and recognized in *Evans* v. *Raper*, 74 N. C, 639, and *Craven* v. *Freeman*, 82 N. C., 361.

The liability resting upon the several bonds will be in the ratio of its penalty to the sum of all the penalties. *Bell* v. *Jasper*, 2 Ired. Eq., 597; *Jones* v. *Hays*, 3 Ired. Eq., 502; *Jones* v. *Blanton*, 6 Ired. Eq., 115.

Nobles was a surety with a single and different associate on each of the larger bonds, and the sum paid by him with interest to the point of time to which the referee's computations are made will be divided between those bonds in the ratio of nine to five, and the co-surety in each will pay a sum equal to that paid for the estate to Nobles in the apportionment between them. In like manner the sureties on the smaller bonds will pay their respective shares ascertained upon the same principle. The administrator of Nobles will be exempt, because his administrator has already paid his share. The relator can only claim payment of the sum falling upon the several bonds from one or both of the sureties thereon, and any loss from insolvency or other cause

will not be transferred to the sureties to other bonds, since the consequence in such case would be to subject the estate of Nobles to the demand of the over-paying surety in violation of the release; and for these several portions of the common subsisting indebtedness, the judgment will be entered for the principal of the bond to be discharged by payment of the sums due from the sureties thereon.

It will be referred to the clerk to make the computations, and when his report is confirmed final judgment will be entered accordingly.

PER CURIAM.                                        Judgment modified.