## SMITH v. RICHARDS.

(Filed November 26, 1901.)

RELEASE—*Judgment—Contribution.*

> Where the costs of an action are adjudged against several plaintiffs and two of them pay the defendant their *aliquot* parts of the judgment and receive a receipt therefor not under seal, the receipt releases other plaintiffs who have paid no part of the judgment, of the part only in excess of their *aliquot* parts, and the defendant is entitled to judgment therefor against them separately.

ACTION by John B. Smith against John Richards and others, heard by Judge *O. H. Allen,* at Spring Term, 1900, of the Superior Court of GASTON County. From a judgment for the defendants, the plaintiff appealed.

*O. F. Mason,* and *J. N. Holding,* for the plaintiff.
*Jones & Tillett,* for the defendant.

FURCHES, C. J. This is an action against several defendants upon a former judgment for seven hundred and odd dollars—being the amount of costs in an action against the plaintiff, in which these defendants (plaintiffs in that action) had failed, and judgment was entered against them and in favor of the plaintiff in this action. Since the rendition of said judgment, two of the defendants have paid the plaintiff their *aliquot* parts, and the plaintiff gave them separate receipts therefor, as follows: "Received of W. S. Richards ninety-two 94-100 dollars, for one-sixth the costs in a judgment rendered in the case of *J. B. Richards et al. v. J. B. Smith,* at Spring Term of the Superior Court, March, 1889. This is to release W. S. Richards in full of the costs of suit above mentioned. This 28th day of December, 1896. (Signed) John B. Smith." The other receipt, to Fannie Rutledge and husband J. L. Rutledge, is the same substance as the above.

All the parties against whom judgment was rendered in the former action are made defendants in this action; and the defendants W. S. Richards and Fannie Rutledge and her husband J. L. Rutledge did not plead. But the other defendants answered and set up the above-mentioned receipt as a release and discharge of them from any liability on said judgment. This presents the only question in the case.

It seems that, originally, contribution between co-obligors was held to rest upon a moral obligation only, and Courts of Equity alone could enforce it. *Moore v. Isley,* 22 N. C., 372. But, at a later date, Courts of Law in many jurisdictions considered it a joint obligation in the nature of a contract, and actions at law were sustained when they were to recover only an *aliquot* part. Parsons on Contract (3d Ed.), 34 and 35. But where more than this was demanded on account of insolvency, or for other cause, it still remained a matter for the Courts of Equity, as Courts of Law could not adjust equities between the parties. But it seems probable the Courts of Law in this State still declined to take jurisdiction of matters of contribution, as we find that in 1807 the Legislature passed an act authorizing co-sureties to bring actions on the case in assumpsit for contribution. *Sherrod v. Woodard,* 15 N. C., 360, 25 Am. Dec., 714; sec. 2094 of The Code. But this act only applied to *co-sureties,* and, it would seem, left the law as to *co-principals* as before its passage. And whether this remained so or or not, under the divided jurisdiction, it is now so under the Constitution of 1868 and The Code. *Russell v. Adderton,* 64 N. C., 417; *Dudley v. Bland,* 83 N. C., 220; *Craven v. Freeman,* 82 N. C., 361. The rights of the parties may now be administered, whether legal or equitable in their nature. *Russell v. Adderton* and *Dudley v. Bland, supra.* And the rights of the defendants, as between themselves, may be adjusted and settled in an action against them. *Parrish v. Graham,* at this term.

This is not an action for contribution; that right does not

arise at law or in equity until the co-obligor has paid the money. And none has been paid in this case by either of the defendants who are contesting the plaintiff's right to recover. But the doctrine of contribution is involved, and it was necessary to consider it in determining the rights of the parties.

The defendants contend that the payments of W. S. Richards and Rutledge and wife, and their discharge, was a discharge of them. It was admitted by defendant that the "receipt" was not a release, as it was not under seal. But it was ingeniously argued that the reason that a partial payment and receipt, stating that it was in full, were not a discharge, was because there was no consideration to support it beyond the amount paid; and that it was *nudum pactum* for all above the amount paid; whereas, a similar receipt under seal would be a discharge, because the seal imported a consideration. And it was argued that the act of 1874-5 (section 574 of The Code) supplied the consideration, and a receipt now for a part was as effective as if it was under seal. This is so in cases where the statute applies, but it seems to have no application to this case.

The receipt does not seem to have been intended as a *compromise* of the *whole,* nor of *any part of the debt.* It was a payment *in full* of the defendants' *aliquot* parts of the judgment, and a discharge of the parties paying it from any further liability. And as these defendants are discharged *from paying anything more,* it is a discharge of the other four defendants from any liability beyond their *aliquot* parts—one-sixth each. For, as plaintiff could recover nothing more out of W. S. Richards and Rutledge and wife, these four defendants could recover nothing more out of them, as their rights depend upon the rights of the plaintiff Smith and their right of subrogation.

We do not feel called upon to enter into a further discussion of the principles governing this case, as they have

been so fully discussed in *Russell v. Adderton* and *Craven v. Freeman, supra,* and especially in *Dudley v. Bland, supra.*

It therefore follows that the plaintiff Smith is not entitled to judgment *in solido* against all the defendants; nor is he entitled to such a judgment for the unpaid balance against the four defendants who have paid him nothing on his former judgment; but that he is entitled to a judgment or *decree* against them separately for their *aliquot* parts, that is, against John Richards for one-sixth, George Richards for one-sixth, Sarah Summerrow and her husband H. M. Summerrow for one-sixth, Elizabeth Jenkins and husband for one-sixth. No right of contribution exists between them upon said judgment, nor is either of these defendants liable to the plaintiff for anything more than his judgment for the said one-sixth of the original debt.

There is error, and the judgment should be entered as above indicated.

Error.